### UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

| | |
|---|---|
| The United States of America We The People Minnesota et al., | Civil No. 23-3094 (DWF/DTS) |
| Plaintiffs, | |
| v. | **ORDER** |
| State of Minnesota et al., | |
| Defendants. | |

This matter is before the Court on Plaintiffs' petition for a preliminary injunction or temporary restraining order.  (*See* Doc. No. 1.)  The petition does not comply with the Local Rules.  "Before filing a motion for emergency injunctive relief, the moving party must contact the judge's courtroom deputy to obtain a hearing date and briefing schedule."  D. Minn. L.R. 7.1(d).  The Plaintiffs did not do this.  In addition, "[a] motion for a temporary restraining order must be filed in accordance with [Local Rule] 7.1(c)(1)," meaning that Plaintiffs must file a motion, notice of hearing, memorandum of law, any affidavits and exhibits, and a proposed order.  *Id.*  The Plaintiffs did not do much of this, either.

The petition for preliminary injunctive relief also does not comply with the Federal Rules of Civil Procedure.  Under Rule 65, Plaintiffs must provide Defendants with notice of the emergency motion or explain "in writing any efforts made to give notice and the reasons why it should not be required."  Fed. R. Civ. P. 65(b)(1)(B); *see Am. Can Co. v. Mansukhani*, 742 F.2d 314, 324-25 (7th Cir. 1984) ("[T]he procedural

hurdles of Rule 65 are intended to force both the movant and the court to act with great care in seeking and issuing an ex parte restraining order.").  There is no reason to believe that this requirement was met.

But the biggest problem for Plaintiffs is that "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."  *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam).  Plaintiffs cannot establish a connection between their request for a preliminary injunction and the complaint because Plaintiffs *have not filed a complaint*.  There is no pleading in this matter, which was commenced with the petition for a preliminary injunction.  This should not have been done.  Under Rule 3 of the Federal Rules of Civil Procedure, "[a] civil action is commenced by filing a complaint with the court."  Because Plaintiffs did not file a complaint, this matter should not have been commenced at all.

Because this action should not have been opened in the absence of a complaint, the Court will direct that this action be administratively terminated.  The Clerk of Court is directed to refund the $402.00 filing fee submitted by Plaintiffs in this matter.  None of Plaintiffs' claims have been adjudicated on the merits—indeed, because Plaintiffs did not file a complaint, none of their claims have even been properly raised—and therefore Plaintiffs are not precluded from returning to federal court to raise those claims again in a proceeding properly initiated with a complaint.  That said, Plaintiffs are advised of the following:

(1)     A non-attorney plaintiff may not represent anyone but himself or herself in any action they might later file in federal court.  *See* 28 U.S.C. § 1654, *McNeil v. City of Omaha*, No. 07-cv-143, 2008 WL 312715, at *3 (D. Neb. Jan. 30, 2008) (collecting cases).  Non-attorney plaintiffs may not purport to bring claims on behalf of other persons (such as minor children) or on behalf of non-person entities.

(2)     The general thrust of Plaintiffs' petition for preliminary injunctive relief is that they seek for this Court to enjoin the State of Minnesota from prosecuting them for alleged violations of criminal law.  As a general matter, however, comity and federalism require federal courts to abstain from interfering in state-court criminal proceedings.  *See Wassef v. Tibben*, 68 F.4th 1083, 1086-87 (8th Cir. 2023) (discussing *Younger v. Harris*, 401 U.S. 37 (1971)).  This will not be the appropriate forum for Plaintiffs to litigate the legality of the ongoing state-court proceedings.

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.     This matter is **ADMINISTRATIVELY TERMINATED**.

2.     The Clerk of Court is directed to refund the $402.00 filing fee paid by Plaintiffs in this matter.

Date:  October 12, 2023                    s/Donovan W. Frank
                                           DONOVAN W. FRANK
                                           United States District Judge

3